```
    IN THE UNITED STATES DISTRICT COURT FOR THE
              EASTERN DISTRICT OF OKLAHOMA

RICKY L. MULLANIX,              )
                                )
           Plaintiff,           )
                                )
v.                              )    Case No. CIV-14-452-JHP-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
           Defendant.           )
```

## REPORT AND RECOMMENDATION

Plaintiff Ricky L. Mullanix (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED to Defendant for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 5, 1976 and was 36 years old at the time of the ALJ's decision. Claimant completed his education through the eleventh grade with special education classes. Claimant has worked in the past as a kitchen helper and stocker. Claimant alleges an inability to work beginning January 1, 2010 due to limitations resulting from heart problems, mental problems, back

problems, and high blood pressure.

**Procedural History**

On June 21, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 29, 2013, an administrative hearing was conducted by Administrative Law Judge ("ALJ") B. D. Crutchfield by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. The ALJ entered an unfavorable decision on May 29, 2013. The Appeals Council denied review of the decision on September 22, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in rejecting the opinion of the state agency physician and the related functional limitations cited by the physician.

**Consideration of Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of bipolar disorder with psychotic features, alcohol abuse, obesity, hypertension, and history of enlarged heart. (Tr. 13). The ALJ concluded that Claimant retained the RFC to perform light work except that he should avoid unprotected heights, machinery, and other hazards. Claimant was limited by the ALJ to simple, routine tasks and should have only occasional contact with the public. (Tr. 15).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of industrial cleaner, various sorters, and hand packager. (Tr. 26). As a result, the ALJ found Claimant was not disabled from January 1, 2010 through the date of the decision. Id.

Claimant contends the ALJ failed to properly evaluate the opinion of Dr. Gary Lindsay, a state agency mental health professional. On August 26, 2011, Dr. Lindsay provided a mental RFC assessment on Claimant. He determined Claimant was markedly

5

limited in the functional areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 333-34). In his narrative statement, Dr. Lindsay stated that Claimant could perform simple tasks with routine supervision; could relate to supervisors and peers on a superficial work basis; could not relate to the general public; and could adapt to a work situation. (Tr. 335).

The ALJ discussed Dr. Lindsay's opinion, stating he opined that Claimant could only do simple work related tasks with no contact with the general public due to functional limitations with social adaptation, pace, concentration, and persistence. He gave "great weight" to the opinion because it was consistent with the medical evidence of record. (Tr. 24).

The ALJ failed to include the marked limitations recognized by Dr. Lindsay in the areas of understanding, remembering, and carrying out detailed instructions when arriving at his RFC. He also did not include the restriction for only relating to supervisors and peers on a superficial work basis.

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. §

6

416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). Moreover, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

The ALJ's omission of these additional marked limitations from an opinion afforded "great weight" in all other respects without providing specific, legitimate reasons for doing so constitutes error. If the additional restrictions were included, Claimant would likely be unable to perform the jobs identified by the vocational expert. The jobs of industrial cleaner, sorter, and hand packager require a reasoning level of 2 under the *Dictionary of Occupational Titles* while the included restrictions would require Claimant to perform only jobs with simple instructions and a reasoning level of 1. Moreover, since the RFC is likely deficient, the questioning of the vocational expert was flawed.

On remand, the ALJ shall reformulate the RFC in light of the additional restrictions identified by Dr. Lindsay. He shall also modify his hypothetical questioning of the vocational expert to accommodate these additional restrictions and the modified RFC.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the case REMANDED** for further proceedings consistent with this Report. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE